O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3104 AHM (AGRx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | SAUL JUAREZ v. WELLS FARGO BANK, N.A., *et al*. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

On May 4, 2009, Plaintiff Saul Juarez filed a complaint, asserting seven causes of action against Defendant Wells Fargo, N.A. ("Wells Fargo") arising out of a mortgage loan transaction that closed on March 6, 2006. On July 14, 2009, the Court granted Wells Fargo's motion to dismiss the original complaint with leave to amend, after Plaintiff failed to oppose the motion to dismiss.[1] On July 29, 2009, Plaintiff filed his First Amended Complaint ("FAC") asserting five causes of action against Wells Fargo. On September 11, 2009, Wells Fargo filed its motion to dismiss the FAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff has again failed to oppose the motion to dismiss. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. In addition, much of the motion appears meritorious on its face. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss[2] for the reasons explained below.

---

[1] It has come to the Court's attention that Plaintiff's attorney of record has been arrested and has voluntarily resigned his membership in the California Bar Association. For that reason, the Court will not issue an order to show cause why this case should not be dismissed for failure to prosecute. But if Plaintiff wishes to line up new counsel or continue his lawsuit on his own as a *pro se* litigant (if so, he should contact the Court's *Pro Se* Clinic), he must file any second amended complaint in this action by November 30, 2009.

[2] Docketed twice at Docket Nos. 22 & 23.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3104 AHM (AGRx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | SAUL JUAREZ v. WELLS FARGO BANK, N.A., *et al.* | | |

The Court grants the motion to dismiss the TILA claim for rescission—with prejudice—but denies the motion as to the TILA claim for damages (both are pled as claim one). The Court grants the motion to dismiss as to claims two and three, and as to claim four to the extent it is derivative of underlying claims that have been dismissed. The Court grants the motion to dismiss claim five with prejudice.

### A.   Claim One (TILA)

The Court dismisses this claim without leave to amend insofar as it seeks rescission, because the three-year statute of limitations on rescission claims is an absolute jurisdictional bar, and tolling is not permitted. *See King v. State of Cal.*, 784 F.2d 910, 913 (9th Cir. 1986).

However, with respect to damages, Plaintiff has alleged a basis for equitable tolling. Plaintiff has alleged that he does not speak English as a first language and was never provided with any of the loan transaction documents in his native language, so he could not have reasonably discovered the violations despite due diligence. FAC ¶ 2. Courts have split as to whether receiving loan documents in one's non-native language suffices to toll a statute of limitations. *Compare Carnero v. Weaver*, 2009 WL 2180372 at *2 (N.D. Cal. Jul. 22, 2009) (tolling the statute of limitations under TILA for a motion to dismiss where plaintiff was provided with loan documents in a non-native language) *and Gonzalez v. Ameriquest Mortgage Co.*, 2004 WL 2472249 at *5 (N.D. Cal. Mar. 1, 2004) (same) *with Akhavein v. Argent Mortgage Co.*, 2009 WL 2157522 at *3 (N.D. Cal. Jul. 18, 2009) (finding on a motion to dismiss that being provided with loan documents in a non-native language did not serve to toll the statute of limitations); *Pelayo v. Home Capital Funding*, 2009 WL 1459419 at * 5 (S.D. Cal. May 22, 2009) (same); *and Knox v. Ameriquest Mortgage Co.*, 2005 WL 1910927 at * 2-3 (N.D. Cal. Aug. 10, 2005) (same). Given that a motion to dismiss on statute of limitations grounds should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled," *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993), the Court declines to dismiss the TILA damages claim on statute of limitations grounds at this time.

### B.   Claim Two (RESPA)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3104 AHM (AGRx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | SAUL JUAREZ v. WELLS FARGO BANK, N.A., *et al*. | | |

Wells Fargo argues that the RESPA claim is time-barred. However, the claim is equitably tolled for the reasons discussed in the TILA section above. *See Yulaeva v. Greenpoint Mortgage Funding, Inc.*, 2009 WL 2880393 at *14 (E.D. Cal. Sept. 3, 2009) (listing cases holding that equitable tolling is available for RESPA claims).

Wells Fargo also argues that there is no private cause of action for a RESPA violation, but the authority it cites does not support such a blanket proposition. Some portions of RESPA do provide for a private cause of action, while other provisions do not. *See Bloom v. Martin*, 865 F. Supp. 1377, 1384 (N.D. Cal. 1994). The FAC is wholly unclear as to which sections of the RESPA statute the claims are based upon. The RESPA claim is therefore dismissed, but with leave to amend for Plaintiff to specify which portions of the statute her claims rely upon.

### C. Claim Three (Cal. Civ. Code § 2923.5)

Claim three is dismissed with prejudice because Exhibit F to Plaintiff's FAC shows that Wells Fargo did, indeed, comply with the requirements of Cal. Civ. Code § 2923.5, including providing a declaration with the notice of default that it had complied with this section.

### D. Claim Four (California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

Wells Fargo is incorrect in its assertion that federal law preempts the entirety of state law in the field of banking. As described in *Silvas*, the Home Owners' Loan Act of 1933 ("HOLA") preempts certain state claims affecting federal savings associations, but TILA does not have complete preemptive effect beyond the scope of HOLA. *See Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1005-1007 (9th Cir. 2008). Neither the Complaint nor Wells Fargo in its moving papers provide any indication that Wells Fargo is a savings association within the scope of HOLA, so Plaintiff's fourth claim under Cal. Bus. & Prof. Code §§ 17200 *et seq*. is not necessarily preempted.

Nonetheless, Plaintiff's claim under the UCL appears to be a derivative claim based upon underlying violations of substantive law. *See* FAC ¶¶ 70-71. To the extent that the claim relies upon underlying substantive violations that this Court has dismissed,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3104 AHM (AGRx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | SAUL JUAREZ v. WELLS FARGO BANK, N.A., *et al*. | | |

it is also dismissed.

### E.  Claim Five (Quiet Title)

Because Plaintiff's right to quiet title is dependent upon his right to rescind the contract, and because his right to rescind under TILA is time-barred, Plaintiff's claim for quiet title also fails and is dismissed with prejudice. *See Leeper v. Beltrami*, 53 Cal. 2d 195, 216 (1959) ("Plaintiff must show a right to rescind before he can be granted the right to quiet his title.").

### F.  Conclusion

To summarize, Plaintiff's claim for rescission under TILA is dismissed with prejudice. Plaintiff's claim for damages under TILA is not dismissed. Claims two is dismissed with leave to amend. Claim four is dismissed to the extent it is derivative of Plaintiff's other dismissed claims. Claims three and five are dismissed with prejudice.

Plaintiff shall file any amended complaint by November 30, 2009. If he fails to do so, this case will be dismissed in its entirety, judgment will be entered for Wells Fargo, and the case will be closed.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

_____ : _____

Initials of Preparer    se